UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
SEGUNDO DAVID BERMEO HURTADO and NELSON DE JESUS PINEDA MIRANDA, individually and on behalf of all others similarly situated,

                         Plaintiffs,

     -against-

ARC STEEL SUPPLY INC. and AHRON SHARIR, as an individual,

                         Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL REQUESTED**

Plaintiffs **SEGUNDO DAVID BERMEO HURTADO and NELSON DE JESUS PINEDA MIRANDA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiff") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **ARC STEEL SUPPLY INC. and AHRON SHARIR, as an individual,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment with the Defendants located at 5835 57th St., Maspeth, NY 11378.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

1

4. This Court has supplemental jurisdiction over Plaintiff's other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff SEGUNDO DAVID BERMEO HURTADO residing at Long Island City, NY 11103 was employed by ARC STEEL SUPPLY INC., from in or around August 2009 until in or around April 2022.

8. Plaintiff NELSON DE JESUS PINEDA MIRANDA residing at Ridgewood, NY 11385 was employed by ARC STEEL SUPPLY INC., from in or around June 2010 until in or around June 2022.

9. Upon information and belief, Defendant ARC STEEL SUPPLY INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located at 5835 57th St., Maspeth, NY 11378.

10. Upon information and belief, Defendant AHRON SHARIR is the owner of ARC STEEL SUPPLY INC.

11. Upon information and belief, Defendant AHRON SHARIR is an agent of ARC STEEL SUPPLY INC.

12. Upon information and belief, Defendant AHRON SHARIR is responsible for overseeing the daily operations of ARC STEEL SUPPLY INC.

13. Upon information and belief, AHRON SHARIR has power and authority over all the final personnel decisions of ARC STEEL SUPPLY INC.

14. Upon information and belief, AHRON SHARIR has the power and authority over all final payroll decisions of ARC STEEL SUPPLY INC., including the Plaintiffs.

15. Upon information and belief, AHRON SHARIR has the exclusive final power to hire the employees of ARC STEEL SUPPLY INC., including the Plaintiffs.

16. Upon information and belief, AHRON SHARIR has exclusive final power over the firing and terminating of the employees of ARC STEEL SUPPLY INC., including Plaintiffs.

17. Upon information and belief, AHRON SHARIR is responsible for determining, establishing, and paying the wages of all employees of ARC STEEL SUPPLY INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

18. Accordingly, at all relevant times hereto, Defendant AHRON SHARIR was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

19. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that ARC STEEL SUPPLY INC., (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

20. Under the FLSA and NYLL, Plaintiffs federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on August 2022. As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning August 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## SEGUNDO DAVID BERMEO HURTADO

21. Plaintiff SEGUNDO DAVID BERMEO HURTADO was employed by ARC STEEL SUPPLY INC., as a metal fabricator and installer, general laborer and forklift operator while performing related miscellaneous duties for the Defendants, from in or around August 2009 until in or around April 2022.

3

22. Plaintiff SEGUNDO DAVID BERMEO HURTADO regularly worked approximately six (6) days per week during the relevant statutory period.

23. During the relevant statutory period, Plaintiff SEGUNDO DAVID BERMEO HURTADO regularly worked a schedule of shift beginning at approximately 8:00 a.m. each workday and regularly ended at approximately 5:00 p.m. to 6:00 p.m., or later, six (6) days per week.

24. Thus, Plaintiff was regularly required to work approximately fifty-four (54) hours to sixty (60) hours or more hours each week during the relevant statutory period.

25. During the relevant statutory period, Plaintiff SEGUNDO DAVID BERMEO HURTADO was paid by Defendants a flat daily rate of approximately:

   i. $160.00 per day from in or around August 2016 until in or around December 2019; and

   ii. $180.00 per day from in or around January 2020 until in or around April 2022.

26. Although Plaintiff regularly worked approximately fifty-four (54) hours to sixty (60) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

27. Furthermore, Plaintiff was not compensated at all for his last two-and-a-half (2.5) weeks of employment by the Defendants.

### **NELSON DE JESUS PINEDA MIRANDA**

28. Plaintiff NELSON DE JESUS PINEDA MIRANDA was employed by ARC STEEL SUPPLY INC., as a excavator, general laborer, and forklift operator while performing related miscellaneous duties for the Defendants, from in or around June 2010 until in or around June 2022.

29. Plaintiff NELSON DE JESUS PINEDA MIRANDA regularly worked approximately six (6) days per week during the relevant statutory period.

30. During the relevant statutory period, Plaintiff NELSON DE JESUS PINEDA MIRANDA regularly worked a schedule of shift beginning at approximately 8:00 a.m.

4

each workday and regularly ended at approximately 5:00 p.m. to 6:00 p.m., or later, six (6) days per week.

31. Thus, Plaintiff was regularly required to work approximately fifty-four (54) hours to sixty (60) hours or more hours each week during the relevant statutory period.

32. During the relevant statutory period, Plaintiff NELSON DE JESUS PINEDA MIRANDA was paid by Defendants a flat daily rate of approximately:
    i. $180.00 per day from in or around August 2016 until in or around December 2021; and
    ii. $210.00 per day from in or around January 2022 until in or around June 2022.

33. Although Plaintiff regularly worked approximately fifty-four (54) hours to sixty (60) hours or more hours each week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

34. Furthermore, Plaintiff was not compensated at all for his last week of employment by the Defendants.

## **DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

35. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

36. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

37. Additionally, Defendants willfully failed to provide Plaintiff with a written notice, in English, of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

38. Upon information and belief, Defendants willfully failed to provide Plaintiff with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

39. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00.

Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

40. Plaintiff brings this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are hereafter, the "Collective Class."

41. Collective Class: All persons who are or have been employed by the Defendants as metal fabricators and installers, excavators, general laborers and/or forklift operators, or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

42. Upon information and belief, Defendants employed approximately 20 to 30 employees or more during the relevant statutory period who Defendants subject(ed) to similar unlawful payment structures that violated applicable law.

43. Defendants suffered and permitted Plaintiff - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

44. Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

45. Defendants had knowledge that the Plaintiff and the Collective Class regularly performed work requiring overtime pay.

46. Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to Plaintiff, as well as the Collective Class.

47. Defendants are liable under the FLSA for failing to properly compensate Plaintiff, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated

employees are known to Defendants and are readily identifiable through Defendants' records.

48. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

49. The claims of Plaintiff are typical of the claims of the whole putative class.

50. Plaintiff and their counsel will fairly and adequately protect the interests of the putative class.

51. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

52. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

53. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

54. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

55. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

56. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

57. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

58. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

59. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

60. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

61. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

62. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

63. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

64. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

65. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

66. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

67. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.
68. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
69. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.
70. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
72. Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).
73. Defendants are liable to Plaintiffs in the amount of $5,000 together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

74. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

75. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).
76. Defendants are liable to Plaintiffs in the amount of $5,000 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs' unpaid overtime wages;
c. Awarding Plaintiffs' unpaid wages;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated: August 17, 2022
Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SEGUNDO DAVID BERMEO HURTADO and NELSON DE JESUS PINEDA MIRANDA, individually and on behalf of all others similarly situated,

                                                  Plaintiffs,

-against-

ARC STEEL SUPPLY INC. and AHRON SHARIR, as an individual,

                                                  Defendants,

### COLLECTIVE ACTION COMPLAINT

*Jury Trial Demanded*

### HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

To:

**ARC STEEL SUPPLY INC. (DOS ID# 5006599)**
5835 57th St., Maspeth, NY 11378

**AHRON SHARIR**
5835 57th St., Maspeth, NY 11378